Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR 97401

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **MARY REID,** an individual, | **CASE NO**.: 6:16-cv-599 |
| Plaintiff, | **FAIR LABOR STANDARDS ACT** |
| v. | **OVERTIME CLAIM**; **OREGON WAGE AND HOUR LAW FINAL PAYCHECK CLAIM** |
| **NEXREP, LLC,** a Delaware Limited Liability Company, | Fair Labor Standards Act 29 U.S.C. § 201 *et seq*.; Oregon Wage and Hour Laws (Oregon Revised Statutes Chapter 652) |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, Mary Reid, brings this Fair Labor Standards Act (29 U.S.C. § 201 et. seq., the "FLSA", or the "Act") and Oregon Wage and Hour Law Complaint against Defendant, NexRep, LLC, (hereinafter, "Defendant" or "NexRep"). Plaintiff makes her allegations based upon personal knowledge, information, and belief.

## INTRODUCTION

1.      NexRep owns and operates a virtual telephone call center in Portland, Maine, providing customer service support to third-party clients.  Defendant relies on the services of its

**1 – FLSA and Oregon Wage and Hour Law Complaint**

virtual call center "Agents", who work remotely, to provide over-the-phone customer services to Defendant's clients.

2. Plaintiff, Mary Reid, was employed by Defendant as a virtual call center Agent from on or around April 2014 through October 2015.

3. While employed by NexRep, Plaintiff provided customer service phone support to consumer customers of NexRep's third-party client, Jawbone, a manufacturer of wearable fitness trackers.

4. While employed by NexRep, Plaintiff worked remotely, performing all tasks and duties required by Defendant, from her residence in Salem, Oregon.

5. At all times material hereto, Defendant, managed, owned and/or operated a virtual call center business, and regularly exercised the authority to hire and fire employees, and control the finances and operations of such business. By virtue of such control and authority, Defendant was an employer of Plaintiff, as such term is defined by the Act. 29 U.S.C. § 201 et. seq.

6. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff at all material times, including without limitation, directly or indirectly controlling the terms and conditions of Plaintiff's employment.

7. Defendant relied on an employer-employee relationship to control the means and manner of the work performed by Plaintiff by maintaining complete and exclusive control over Plaintiff's access to and interactions with Defendant's customers.

8. At all material times, hereto, Plaintiff was performing her duties for the benefit of, and on behalf of Defendant.

9. Defendant required Plaintiff to purchase, at her own expense, computer hardware, accessories, and internet connectivity that met Defendant's specifications.

10.     Defendant required Plaintiff to work no less than 20 hours per week and to work a minimum of two hours for each shift that Plaintiff performed work for Defendant.

11.     Defendant required Plaintiff to perform at least 25 outbound telephone calls per week.

12.     Plaintiff faced discipline from Defendant if Plaintiff did not meet the requirements and standards that Defendant established for Plaintiff.

13.     At all times material hereto, Plaintiff was paid as an "independent contractor" at a set hourly rate of $10 per hour, including hours worked over 40 in a workweek.

14.     Plaintiff's compensation was not affected by Defendant's profit or loss.

15.     Plaintiff was not allowed to exercise independent judgment when providing telephone customer support for Defendant's client, Jawbone.

16.     While performing work for Defendant, Plaintiff was required to use a script and follow specific communication protocols when handling phone calls.

17.     Defendant routinely monitored Plaintiff's work and closely managed Plaintiff's performance of telephone customer support services to Defendant's clients.

18.     Defendant required Plaintiff to attend weekly team meetings and to attend training meetings.

19.      During the entire time Plaintiff was employed by Defendant, she was an employee as defined in the Act, and was misclassified by Defendant as an independent contractor.

20.     Plaintiff brings this action under the FLSA for unpaid overtime, and under Oregon Wage and Hour Laws for final paycheck statutory violations (Oregon Revised Statutes (ORS) 652.140).

21.     Plaintiff has retained the law firm of Leiman & Johnson, LLC to represent her and has incurred attorney fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b) and ORS 652.200, Plaintiff is entitled to recovery of reasonable attorney fees and costs.

## JURISDICTION

22.     Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce.

23.     Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

24.     At all times pertinent to this Complaint, Defendant owned an operation that was an enterprise in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and § 203(s). Based upon information and belief, the annual gross sales volume of the Defendant's business was in excess of $500,000.00 per annum at all times material hereto.  Alternatively, Plaintiff worked in interstate commerce so as to fall within the protections of the Act.

## PARTIES

25.     Plaintiff Mary Reid is a resident of Marion County, Oregon.

26.     Defendant NexRep, LLC is a Delaware corporation, with headquarters in Portland, Maine.

////

////

## FIRST CLAIM FOR RELIEF
### (Violation of FLSA- Unpaid Overtime)

27.     Plaintiff realleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 26 above.

28.     Plaintiff routinely worked more than 40 hours in a workweek during the term of her employment by Defendant. For example, between June 15, 2015 and June 28, 2015, Plaintiff worked around 30 hours of overtime per workweek.

29.     Records concerning the number of hours worked by Plaintiff are in the possession and custody of Defendant.

30.     Pursuant to the Fair Labor Standards Act (FLSA), Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

31.     Defendant knowingly and willfully failed to pay Plaintiff at time and one-half of her regular rate of pay for all hours worked in excess of forty (40) hours per week.

32.     Defendant's failure to compensate Plaintiff for overtime worked at the correct regular rate of pay for all overtime hours worked is a violation of the FLSA.

33.     Defendant is liable to Plaintiff for unpaid overtime compensation in an amount to be determined at trial.

34.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages in an amount equal to Plaintiff's unpaid overtime compensation, in an amount to be determined at trial.

35.     By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages and has incurred costs and attorney fees.

## SECOND CLAIM FOR RELIEF
### (Violation of ORS 652.140 – Final Pay Violation)

36.     Plaintiff realleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 26 above.

37.     Pursuant to ORS 652.140, Plaintiff was entitled to be paid all wages earned and unpaid no later than the end of the first business day after her termination.

38.     Defendant knowingly and willfully failed to pay Plaintiff all her earned and unpaid wages, including overtime compensation, which was due to her at the end of the first business day after her termination.

39.     Defendant's failure to timely pay Plaintiff for all earned and unpaid wages, including minimum wages and overtime compensation, is a violation of ORS 652.140.

40.     As a result of Defendant's willful violation of ORS 652.140, Plaintiff is entitled to a penalty pursuant to ORS 652.150, in an amount to be determined at trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1.     On the First Claim, award Plaintiff her unpaid actual overtime wages in an amount to be determined at trial, plus an equal amount in liquidated damages for failure to pay overtime wages pursuant to 29 U.S.C. §207;

2.     On the Second Claim, award Plaintiff a statutory penalty computed pursuant to ORS 652.150 in an amount determined at trial, for failure to timely pay Plaintiff all of her wages on termination of her employment, pursuant to ORS 652.140

3.     Award Plaintiff reasonable attorney fees and costs;

4.      Award Plaintiff pre-judgment and post-judgment interest; and

5.      Award Plaintiff such other relief as this Court deems just and proper.


DATED: April 6, 2016.

                                    Respectfully submitted,

                                    __/s Alan J. Leiman_____
                                    Alan J. Leiman
                                    E-mail: alan@leimanlaw.com
                                    Oregon State Bar No.:  98074
                                    44 W. Broadway, Suite 326
                                    Eugene, OR  97401
                                    Telephone: (541) 345-2376
                                    Facsimile:  (541) 345-2377
                                    Of Attorneys for Plaintiff

                                    __/s Drew G. Johnson_____
                                    Drew G. Johnson
                                    E-mail: drew@leimanlaw.com
                                    Oregon State Bar No.:  114289
                                    44 W. Broadway, Suite 326
                                    Eugene, OR  97401
                                    Telephone: (541) 345-2376
                                    Facsimile:  (541) 345-2377
                                    Of Attorneys for Plaintiff